## WYSONG, Plaintiff-Appellant v. F. E. GOODING CO., et Defendants-Appellees.

Ohio Appeals, Second District, Montgomery County.

No. 1816.   Decided June 5, 1944.

D. H. Wysong, Dayton, for plaintiff-appellant.
Pickrel, Schaeffer & Ebeling, Dayton, for defendant, The F. E. Gooding Amusement Co.

## OPINION

BY THE COURT:

The above entitled cause is now being determined on defendant-appellee's motion to dismiss the appeal upon the questions of law and fact for the following reasons:

1. No appeal bond was filed as required by §12223-6 GC.

2. The case is not appealable on law and fact for the reason that the same is not a chancery case, being a damage action only, based on alleged negligence.

An examination of the transcript of the docket and journal entries and the original papers at once discloses that the case is not one in chancery and hence may not be appealed on law and fact. In previous cases of this character we have endeavored to point out to counsel for appellant the form of appeal that should be made in cases of his character. We are constrained to make the comment that counsel for appellant in the instant case in times past has presented more improper appeals than all other attorneys combined within his county. A very casual examination of the new appellate procedure, together with the opinions thereunder, should at once advise counsel that a personal injury action is not one in chancery and may not be appealed on law and fact.

In the past the courts generally have been very liberal in declining to dismiss the erroneous type of appeal, but after sufficient time has elapsed so that attorneys will be conclusively presumed to have an understanding as to the form of appeal that should be made in a case and, notwithstanding, give notice of appeal on law and fact, the action may be dismissed on the ground that the form of appeal was not presented in good faith.

We will not take such drastic action at the present time. We will make the finding that the case may not be tried as an appeal on law and fact but will hold it as an appeal on law

and appellant will be given fifteen days within which to have allowed and presented a Bill of Exceptions.

Costs in this Court will be adjudged against the appellant.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.